UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| VARUN K. BHALLA and<br>ALLISON C. BHALLA, | : | Civil Action No. _____ |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| vs. | : | **(JURY TRIAL DEMANDED)** |
| | : | |
| | : | |
| JOHN E. NYE, IV; JOSHUA ERAN NYE; | : | |
| CYNTHIA THIBAULT NYE; | : | |
| THE PROFESSIONALS GROUP, LLC | : | |
| d/b/a KELLER WILLIAMS | : | |
| PROFESSIONALS and d/b/a | : | |
| ALTAMONT PROPERTY GROUP; | : | |
| BRADLEY CECIL PACE; and | : | |
| REESE MORGANI, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs Varun K. Bhalla and Allison C. Bhalla (collectively, "Plaintiffs" or "the Bhallas"), complain of Defendants as follows:

## PARTIES

1.  Varun K. Bhalla ("Mr. Bhalla") is a resident of Richland County, South Carolina.

2.  Allison C. Bhalla ("Mrs. Bhalla") is a resident of Richland County, South Carolina.

3.  Upon information at belief, Defendant John E. Nye, IV is a resident of Franklin County, Ohio.

4.      Upon information at belief, Defendant Joshua Eran Nye is a resident of Franklin County, Ohio.

5.      Upon information at belief, Defendant Cynthia Thibault Nye is a resident of Palm Beach County, Florida.

6.      Upon information and belief, The Professionals Group, LLC is a North Carolina limited liability company with its principal place of business located at 86 Asheland Avenue, Asheville, North Carolina 28801.

7.      Upon information and belief, The Professionals Group, LLC d/b/a Keller Williams Professionals and/or d/b/a Altamont Property Group.

8.      Upon information and belief, Bradley Cecil Pace is a North Carolina resident and is a licensed North Carolina realtor and broker associated with The Professionals Group, LLC d/b/a Keller Williams Professionals and/or d/b/a Altamont Property Group.

9.      Upon information and belief, Reese Morgani is a North Carolina resident and is a licensed North Carolina realtor and broker associated with The Professionals Group, LLC d/b/a Keller Williams Professionals and/or d/b/a Altamont Property Group.

**JURISDICTION**

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

11.      Diversity of citizenship is the basis of jurisdiction.

12.      The amount in controversy exceeds $75,000.00.

13.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Property

14.     In or about the spring of 2023, Mr. and Mrs. Bhalla (collectively, the "Bhallas"), who are residents of South Carolina, considered purchasing property in western North Carolina.

15.     The Bhallas engaged Mary Noble Braden, a licensed North Carolina Realtor with Noble & Company Realty.

16.     In or about spring of 2023, the Bhallas became aware of a residence located at 95 Cattle Creek Ridge, Canton, North Carolina 28716 (Haywood County).

17.     The residence at 95 Cattle Creek Ridge, Canton, North Carolina is located on a parcel of land containing approximately 3 acres, and also known as Haywood County Tax Parcel ID# 8672-37-5877 and which also contained an adjoining parcel of real property, containing approximately 3.62 acres, and also known as Haywood County Tax Parcel ID# 8672-37-3816 (Haywood County Tax Parcel ID# 8672-37-5877 and 8672-37-3816 are referred to collectively herein as the "Property").

18.     Upon information and belief, Bradley Cecil Pace ("Mr. Pace"), a North Carolina real estate agent associated with The Professionals Group, LLC d/b/a Keller Williams Professionals ("KW Professionals"), had listed the property for sale on behalf of John E. Nye, IV, Joshua Eran Nye, and Cynthia Thibault Nye (collectively, the "Sellers") who, on information and belief, owned and/or had a possessory interest the Property at the time it came to the Bhallas' attention.

19.     Upon information and belief, Reese Morgani ("Mr. Morgani"), a North Carolina real estate agent associated with The Professionals Group, LLC d/b/a Keller Williams Professionals ("KW Professionals"), was associated and/or affiliated with the listing of the

property for sale on behalf of John E. Nye, IV, Joshua Eran Nye, and Cynthia Thibault Nye who, on information and belief, owned and/or had a possessory interest the Property at the time it came to the Bhallas' attention.

20. Upon information and belief, pursuant to Section 39-7 of the North Carolina General Statutes, Brandi Nye as the spouse of John E. Nye, IV; and Elizabeth Nye, as the spouse of Joshua Eran Nye, were required signatories on the deed for conveying good and unencumbered title to the Property to the Bhallas.

21. The Professionals Group, LLC, KW Professionals, Altamont, Mr. Pace, and Mr. Morgani are collectively referred to herein as the "Sellers' Agents."

22. John E. Nye, IV, Joshua Eran Nye, and Cynthia Thibault Nye are collectively referred to herein as the "Sellers."

23. At all relevant times hereto, upon information and belief, the Sellers did not occupy the Property as a primary residence.

**The Offers**

24. In or about April 2024, Mr. Bhalla made an offer to purchase the Property (the "First Offer").

25. The Sellers rejected the First Offer.

26. Upon information and belief, Sellers rejected Mr. Bhalla's First Offer and entered into a contract for the sale of the Property with a different prospective purchaser.

27. Upon information and belief, Sellers and/or Sellers' Agents identified that the prospective purchaser of the Property decided to go another route and were considering additional offers to purchase the Property.

4

28.     The Bhallas identified to Sellers and/or Sellers' Agents that they were a family that needed the Property to be short-term rental ready to be able to afford to purchase the Property.

29.     On or about May 8, 2023, Mr. Bhalla made a second offer to purchase the Property (the "Second Offer") through an Offer to Purchase and Contract (the "Purchase Agreement").

30.     The Sellers accepted the Second Offer.

## The Bhallas Review the Property Disclosure Statement

31.     The Bhallas received a copy of the Sellers' Residential Property Disclosure Statement (the "Disclosure Statement") for the Property, which, upon information and belief, was executed on April 13, 2023 John E. Nye, IV and Joshua Eran Nye. (*See* Residential Property Disclosure Statement, attached hereto as Exhibit 1.)

32.     In the Disclosure Statement, the Sellers checked the box for "No Representation" for the question, "Is there any problem with present infestation of the dwelling, or damage from past infestation of wood destroying insects or organisms which has not been repaired?".

## The Bhallas Obtain a Home Inspection and Wood-Destroying Insect Inspection

33.     In or about May 2023, the Bhallas obtained a home inspection for the Property, which did not identify termite issues at the Property.

34.     In or about May 2023, the Bhallas obtained a wood-destroying insect inspection for the Property, which did not identify "[v]isible evidence of a previously treated infestation, which now appears to be inactive."

## The Bhallas Purchase the Property

35.    On or about June 13, 2023, the Bhallas purchased the Property from the Sellers. (*See* Deed, attached hereto as Exhibit 2.)

## Post-Purchase Issues and Information

36.    On or about June 26, 2023, a contractor that the Bhallas' hired identified significant termite infestation on load bearing structures and active termite infestation at the Property, with an estimated 75% of the main load-bearing walls having moderate to severe damage, mostly to the bottom plate, studs around the window, and door entry points.

37.    Upon information and belief, the termite damage to the Property and the cost of repairing or replacing the damage exceeds $75,000.00.

38.    Neither Sellers nor Sellers' Agents disclosed to the Bhallas material facts concerning Sellers' historic treatment for wood-destroying insects at the Property or the recent termite information received from prospective purchasers of the Property.

39.    Upon information and belief, a prospective purchaser of the Property prior to Sellers' acceptance of Mr. Bhalla's Second Offer (the "Prospective Purchaser"), performed a wood-destroying insect inspection and learned of historic termite treatment and/or termite issues and damage to the Property prior to terminating the offer to purchase the Property.

40.    Upon information and belief, the Prospective Purchaser was informed that the wood-destroying insect inspection revealed "[o]ld evidence of termites bound on floor joists, exterior siding, inside door frame around pipe in bathroom" and that there was "[v]isible evidence of a previously treated infestation, which now appears to be inactive."

41.     Upon information and belief, the Prospective Purchase of the Property did not purchase the Property due, at least in part, to the information identified in the wood-destroying insect report.

42.     Upon information and belief, an online listing for proposed sale of the Property identified that the Property "has been owned and loved by the same family for 40+ years."

43.     Upon information and belief, the Prospective Purchaser of the Property informed Sellers and/or Sellers' Agents of the termite issues and/or a wood-destroying insect report identifying termite issues at the Property prior to Mr. Bhalla's Second Offer.

44.     Upon information and belief, the Prospective Purchaser's wood-destroying insect report was dated April 28, 2023.

45.     Upon information and belief, Sellers failed to disclose the historic treatment for wood-destroying insects and/or the recent wood-destroying insect information and/or report to the Bhallas.

46.     Upon information and belief, Sellers' Agents failed to disclose the historic treatment for wood-destroying insects and/or the recent wood-destroying insect information and/or report to the Bhallas.

47.     If Defendants had disclosed the scope and extent of the historic and/or recent termite treatment and information to Plaintiffs, Plaintiffs would not have purchased the Property or would only have purchased the Property at a price lower than that which they purchased the Property.

48.     As a direct and proximate result of the Defendants' conduct, acts, and/or omissions, the Bhallas have sustained damages including, but not limited to:

## COUNT I
### (Fraud, Fraudulent Inducement, and Fraud By Concealment – Sellers)

49. The Bhallas reassert the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Fraud may be said to embrace all acts, omissions, and concealments involving a breach of legal or equitable duty and resulting in damage to another, or the taking or undue or unconscientious advantage of another.

51. The Sellers, as owners of the Property prior to the sale of the Property to the Bhallas, had a pecuniary interest in selling the Property to the Bhallas.

52. The Sellers were under an affirmative duty to disclose to Plaintiffs, as the buyers of the Property, the existence of any known material facts concerning the Property which were not known to Plaintiffs and which were not discoverable by them in the exercise of their diligent attention or observation.

53. Prior to entering into the Offer to Purchase with the Bhallas, Sellers entered into a contract with a different prospective purchaser, which prospective purchaser, upon information and belief, did not purchase the Property because of termite issues with the Property identified by a wood-destroying insect inspection company and communicated to Sellers and Sellers' Agents.

54. Prior to the Bhallas' purchase of the Property, the Sellers, who owned and loved the Property for 40+ years, were aware that the Property had either historic and/or active termite infestation throughout the Property, which defects constituted a material defect in the Property.

55. The Sellers thereafter entered into the Offer to Purchase with the Bhallas, but did not disclose all material facts about the Property to the Bhallas including, without limitation,

that the Property had previously been treated for and/or had termite issues that had been identified to Sellers just weeks prior.

56. The Sellers knew that facts concerning termites and/or termite treatments were material to the Bhallas when considering their purchase of the Property, but Sellers failed to disclose this information to the Bhallas, and the Bhallas relied upon the failure to disclose to their detriment.

57. The Bhallas reasonably and justifiably relied to their detriment on the Sellers' misrepresentations and/or omissions of fact in deciding to proceed to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

58. The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

59. Sellers' breach of their duty to disclose the material facts concerning the Property was reasonably calculated to deceive and undertaken with the intent to deceive.

60. The Bhallas were in fact deceived.

61. Sellers' deception resulted in damage to the Bhallas.

62. The Bhallas justifiably relied to their detriment and were deceived by the Sellers' misrepresentations and omissions of fact regarding the condition of the Property.

63. As a direct and proximate result, the Bhallas have sustained, and continue to sustain, damages.

## COUNT II
### (Fraud, Fraudulent Inducement, and Fraud by Concealment - The Professionals Group, LLC, KW Professionals, Altamont Property Group, Bradley Pace, and Reese Morgani)

64. The Bhallas reassert the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Fraud may be said to embrace all acts, omissions, and concealments involving a breach of legal or equitable duty and resulting in damage to another, or the taking or undue or unconscientious advantage of another.

66. A realtor who makes fraudulent misrepresentations or who conceals a material fact when there is a duty to speak to a prospective purchaser in connection with the sale of the principal's property is personally liable to the purchaser notwithstanding that the realtor was acting in the capacity of agent for the Seller.

67. A broker has a duty not to conceal from the purchaser any material facts and to make full and open disclosure of all such information.

68. A real estate broker's duty to share information with a buyer is limited to material facts known to the broker and to representations made by the broker.

69. A real estate broker must disclose all material facts that he or she knows to the potential buyer, with such material facts including those that an agent knows or should know would reasonably affect the purchaser's judgment.

70. Sellers' Agents had a pecuniary interest in selling the Property to the Bhallas, because they would receive a commission and/or other funds upon the sale of the Property.

71. Sellers' Agents were under an affirmative duty to disclose to plaintiffs, as the buyers of the Property, the existence of any known material facts concerning the Property which

were not known to Plaintiffs and which were not discoverable by them in the exercise of their diligent attention or observation.

72. Prior to entering into the Offer to Purchase with the Bhallas, Sellers entered into a contract with a different prospective purchaser, which prospective purchaser, upon information and belief, did not purchase the Property because of termite issues with the Property identified by a wood-destroying insect inspection company and communicated to Sellers and Sellers' Agents.

73. Prior to the Bhallas' purchase of the Property, the Sellers and Sellers' Agents were aware that the Property had either historic and/or active termite infestation throughout the Property, which defects constituted a material defect in the Property.

74. The Sellers thereafter entered into the Offer to Purchase with the Bhallas, but Sellers' Agents did not disclose all material facts about the Property to the Bhallas including, without limitation, that the Property had historic and/or present termite issues that had been identified to them just weeks prior.

75. Sellers' Agents knew that facts concerning termites were material to the Bhallas when considering their purchase of the Property, but Sellers and Sellers' Agents failed to disclose this information to the Bhallas, and the Bhallas relied upon the failure to disclose to their detriment.

76. The Bhallas reasonably and justifiably relied to their detriment on the misrepresentations and/or omissions of fact of Sellers' Agents in deciding to proceed to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

77. The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the

scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

78. Sellers' and Sellers' Agents' breach of their duty to disclose the material facts concerning the Property was reasonably calculated to deceive and undertaken with the intent to deceive.

79. The Bhallas were in fact deceived.

80. Sellers' deception resulted in damage to the Bhallas.

81. The Bhallas justifiably relied to their detriment and were deceived by the Sellers' and Sellers' Agents' misrepresentations and omissions of fact regarding the condition of the Property.

82. As a direct and proximate result, the Bhallas have sustained, and continue to sustain, damages.

## COUNT III
### (Negligent Misrepresentation – Sellers)

83. The Bhallas repeat and reallege Paragraphs 1 through 82 as if fully set forth herein.

84. The Sellers, as owners of the Property, had a financial interest in selling the Property.

85. Prior to the Bhallas' purchase of the Property, the Sellers supplied false information to the Bhallas, without exercising reasonable care in obtaining or communicating the information, as set forth herein.

86. The Sellers should have exercised reasonable care in supplying information concerning the Property to the Bhallas.

87.     The Bhallas justifiably relied to their detriment on the Sellers' misrepresentations and/or omissions of fact regarding the condition of the Property.

88.     The Sellers knew or should have known that these representations were false when made, but Sellers made them intending for the Bhallas to rely on them, and the Bhallas did in fact rely upon them.

89.     The Bhallas did not have the resources or expertise that would provide them with an opportunity to become appraised of the facts that made the Sellers' representations false.

90.     The Bhallas could not discover the truth about the property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the Sellers' misrepresentations and/or omissions of fact in deciding to proceed to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

91.     The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

92.     As a direct and proximate result, the Bhallas have sustained, and continue to sustain, damages.

<u>**COUNT IV**</u>
**(<u>Negligent Misrepresentation –</u>**
**<u>The Professionals Group, LLC, KW Professionals,</u>**
**<u>Altamont Property Group, Bradley Pace, and Reese Morgani)</u>**

93.     The Bhallas repeat and reallege Paragraphs 1 through 92 as if fully set forth herein.

94.     Realtors are required both by statute and by their Code of Ethics to disclose all material facts to their own clients and to the other parties involved in a real estate transaction.

95.     The North Carolina Real Estate Commission has identified three categories of facts that must be disclosed if the agent has knowledge of those facts OR if the agent should reasonably be aware of those facts: (1) facts about the property itself, (2) facts that relate directly to the property, and (3) facts that relate directly to the ability of a principal to complete the transaction.

96.     Sellers' Agents had a pecuniary interest in selling the Property because they would benefit financially from a sale of the Property.

97.     The Sellers' Agents knew or reasonably should have known that a former prospective purchaser of the Property identified termite issues at the Property.

98.     Prior to the Bhallas' purchase of the Property, the Sellers' Agent failed to disclose material facts about the Property which he knew or reasonably should have known.

99.     The Sellers' agent knew or reasonably should have known that the Sellers' Residential Property and Owners' Association Disclosure Statement identified "No Representation" concerning "any problem with present infestation of the dwelling, or damage from past infestation of wood destroying insects or organisms which has not been repaired. Prior to the Bhallas' purchase of the Property, the Sellers' Agents concealed from the Bhallas the fact that a prospective purchaser terminated an offer to purchase the Property due to termite issues.

100.    The Sellers' Agents should have exercised reasonable care in supplying information concerning the Property to the Bhallas.

101.    The Bhallas justifiably relied to their detriment on the Sellers' Agents' failure to disclose and omissions of fact regarding the condition of the Property.

14

102.     The Sellers' Agents knew or reasonably should have known that he failed to disclose, but did so intending for the Bhallas to rely on these omissions, and the Bhallas did in fact rely upon them.

103.     The Bhallas did not have the resources or expertise that would provide them with an opportunity to become appraised of the facts and information that Sellers' Agents failed to disclose.

104.     The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

105.     The Bhallas could not discover the truth about the Property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the Sellers' Agents' misrepresentations and/or omissions of fact in deciding to proceed to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

106.     As a direct and proximate result, the Bhallas have sustained, and continue to sustain, damages.

## COUNT V
### (Unjust Enrichment – Sellers)

107.     The Bhallas repeat and reallege by reference paragraphs 1 through 106 as if fully set forth herein.

108.     The Bhallas provided money to the Sellers when purchasing the Property, from which money the Sellers benefited.

109.     The funds that the Bhallas provided to the Sellers were measurable and were not officiously conferred or gratuitously provided to the Sellers.

110.     Despite consciously accepting the benefits and values of the funds, the Property that the Sellers sold to the Bhallas had material latent defects that the Sellers failed to disclose.

111.     As a result of their failure to disclose the latent defects to the Bhallas, the Sellers have been unjustly enriched by the money provided by the Bhallas to purchase the Property.

112.     It would be inequitable for the Sellers to retain the benefit of the money provided by the Bhallas without payment for the diminished value of the property due to the Sellers misrepresentations and omissions.

113.     The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

114.     The Bhallas could not discover the truth about the property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the Sellers' misrepresentations and/or omissions of fact in deciding to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

115.     The Bhallas have been damaged as a direct and proximate result.

## COUNT VI
### (Estoppel – All Defendants)

116.     The Bhallas repeat and reallege Paragraphs 1 through 115 as if fully set forth herein.

117.     Defendants, through their failure to disclose the latent defect termite issues, concealed material facts, or, at least, which were reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert.

118. Defendants intended and expected that the Bhallas would rely upon and act upon those concealed material facts in deciding to purchase the Property.

119. Defendants, in failing to disclose and concealing material facts, had knowledge, actual and/or constructive, of the real facts including, without limitation, that the Property had termite issues.

120. The Bhallas reasonably and justifiably relied on Defendants' failure to disclose material facts concerning the Property to their detriment.

121. The Property that the Sellers sold to the Bhallas was not in the condition that the Defendants had promised, despite the Bhallas' performance thereunder.

122. The Bhallas have been damaged as a direct and proximate result.

123. The Bhallas lacked knowledge and the means of knowledge of the truth as to the facts in question.

124. The Bhallas relied upon the conduct, acts, and/or omissions of the Defendants in deciding to Purchase the Property.

125. The Bhallas could not discover the truth about the property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the Defendants' misrepresentations and/or omissions of fact in deciding to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

126. The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

127.    The Bhallas took action based on Defendants' misrepresentations and/or omissions of fact of such a character as to change their position prejudicially.

128.    The Bhallas have been damaged as a direct and proximate result.

**COUNT VII**
**(N.C. GEN. STAT. § 75-1.1 – Sellers)**

129.    The Bhallas repeat and reallege Paragraphs 1 through 128 as if fully set forth herein.

130.    At all relevant times hereto, upon information and belief, the Sellers did not occupy the Property as a primary residence and have been engaged in commerce within the meaning of N.C. Gen. Stat. § 75-1.1.

131.    Sellers failed to update the Residential Property and Owners' Association Disclosure Statement to identify that the Property has "any problem with present infestation of the dwelling, or damage from past infestation of wood destroying insects or organisms which has not been repaired," and otherwise misrepresenting, concealing, and/or failing to disclose material defects concerning the Property including, without limitation, the historic termite issues that Sellers treated and/or the recent information concerning wood-destroying insects identified to Sellers and Sellers' Agents by a prospective purchaser of the Property who chose not to purchase the Property.

132.    By virtue of the Sellers' unfair and deceptive conduct described herein including, without limitation, the intentional failure to disclose to the Bhallas that the Property had historic and/or recent termite issues, the Sellers have committed unfair and deceptive practices in trade or commerce within the meaning of N.C. Gen. Stat. § 75-1.1.

133.    The acts complained of occurred primarily and substantially in North Carolina.

134.    Upon information and belief, the Sellers' conduct described herein was

knowingly and willfully committed.

135.    The Bhallas could not discover the truth about the property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the Sellers' failure to disclose and omissions of fact in deciding to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

136.    The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

137.    The Sellers' conduct proximately caused actual injury to Plaintiffs.

<div align="center">

**COUNT VIII**
**(N.C. GEN. STAT. § 75-1.1 – The Professionals Group, LLC, KW Professionals,**
**Altamont Property Group, Bradley Pace, and Reese Morgani)**

</div>

138.    The Bhallas repeat and reallege Paragraphs 1 through 137 as if fully set forth herein.

139.    At all relevant times hereto, Sellers' Agents have been engaged in commerce within the meaning of N.C. Gen. Stat. § 75-1.1.

140.    By virtue of the Sellers' Agents' unfair and deceptive conduct described herein including, without limitation, the intentional failure to disclose to the Bhallas that the Property had historic and/or recent termite issues, Sellers' Agents have committed unfair and deceptive practices in trade or commerce within the meaning of N.C. Gen. Stat. § 75-1.1.

141.    Sellers' Agents failed to update the Residential Property and Owners' Association Disclosure Statement to identify that the Property has "any problem with present infestation of the dwelling, or damage from past infestation of wood destroying insects or organisms which has

<div align="center">19</div>

not been repaired," and otherwise misrepresenting, concealing, and/or failing to disclose material defects concerning the Property including, without limitation, the historic termite issues that Sellers treated and/or the recent information concerning wood-destroying insects identified to Sellers and Sellers' Agents by a prospective purchaser of the Property who chose not to purchase the Property.

142. The acts complained of occurred primarily and substantially in North Carolina.

143. Upon information and belief, the conduct of Sellers' Agents described herein was knowingly and willfully committed.

144. The Bhallas could not discover the truth about the property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the failure of Sellers' Agents to disclose and omissions of fact in deciding to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

145. The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

146. The Sellers' Agents' conduct proximately caused actual injury to Plaintiffs.

## COUNT IX
### (Civil Conspiracy – All Defendants)

147. The Bhallas repeat and reallege Paragraphs 1 through 146 as if fully set forth herein.

148. Defendants agreed to defraud the Bhallas by failing to disclose that the Property had termite issues that had been identified by a wood-destroying insect inspection company approximately ten days prior to entering into the Offer to Purchase and Contract with Mr. Bhalla.

149. Defendants committed an overt tortious act in furtherance of the agreement by, among other things, failing to update the Residential Property and Owners' Association Disclosure Statement to identify that the Property has "any problem with present infestation of the dwelling, or damage from past infestation of wood destroying insects or organisms which has not been repaired," and otherwise misrepresenting, concealing, and/or failing to disclose material defects concerning the Property including, without limitation, the historic termite issues that Sellers treated and/or the recent information concerning wood-destroying insects identified to Sellers and Sellers' Agents by a prospective purchaser of the Property who chose not to purchase the Property.

150. The Bhallas have been damaged thereby as a direct and proximate result of the Defendants' conduct.

151. The Bhallas have suffered and will continue to suffer irreparable harm as the result of the Defendants' conspiracy to defraud the Bhallas.

152. The scope and extent of the termite issues were not discoverable in the exercise of the Bhallas' reasonable diligence, attention, or observation because, among other things, the scope and extent of the infestation was not apparent or fully revealed until the Bhallas' contractor began removing some of the internal walls of the Property.

153. The Bhallas could not discover the truth about the Property's condition by exercise of reasonable diligence and justifiably relied to their detriment on the Defendants' misrepresentations and/or omissions of fact in deciding to purchase the Property at the sale price and/or refraining from terminating the Purchase Agreement.

**WHEREFORE**, Plaintiffs pray for a judgment in their favor and against Defendants and request that the Court:

A. Enter judgment in favor of Plaintiffs as to all Counts in this Complaint;

B. Award Plaintiffs their compensatory damages against Defendants in an amount exceeding $75,000.00;

C. Award Plaintiffs their costs and attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 or as otherwise allowed by law;

D. Treble Plaintiffs' damages pursuant to N.C. Gen. Stat. § 75-16 or as otherwise allowed by law;

E. Grant a trial by jury as to all matters that may be so tried;

F. Tax all costs of this action, including court costs, to the Defendants; and

G. Award Plaintiffs such other and further relief as the Court deems just and proper.

<div style="margin-left: 50%">

Varun K. Bhalla and Allison C. Bhalla,

By their Attorney,

/S/ Eric A. Contre
Eric A. Contre, Esq.
Contre Law, PLLC
N.C. Bar No. 42371
Contre Law, PLLC
1944 Hendersonville Road, Suite E-1
Asheville, North Carolina 28803
(828) 552-4552
eric@contrelaw.com

</div>