UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-145-MOC-WCM

| | | |
|---|---|---|
| **VARUN K. BHALLA and ALLISON C. BHALLA,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | **ORDER** |
| **vs.** | ) ) ) | |
| **JOHN E. NYE, IV, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

THIS MATTER is before the Court on a Partial Motion to Dismiss for Failure to State a

Claim, filed by Defendants John E. Nye IV, Joshua Eran Nye, and Cynthia Thibault Nye

(collectively, "Sellers" or "Defendants"). (Doc. No. 21). Plaintiffs Varun Bhalla and Allison

Bhalla ("Plaintiffs") filed a response on August 5, 2024. (Doc. No. 25). Defendants filed a reply

on August 9, 2024. (Doc. No. 26). This matter is now ripe for disposition.

I.      BACKGROUND

This action arises from the events following Plaintiffs' purchase of property from Sellers.

Sellers owned a residence in Canton, North Carolina, and an adjoining parcel of real property

(the "Property"). (Doc. No. 1 ¶ 17). Plaintiffs initially made an offer to purchase the Property in

April 2023,[1] which was rejected. (Id. ¶ 24–25). Subsequently, Sellers accepted an offer from

another purchaser, but negotiations fell through. (Id. ¶ 26–27). Plaintiffs then made another offer,

which was accepted. (Id. ¶ 29–30). Sellers sent a copy of a Residential Property Disclosure

---

[1] The Complaint states the date of the initial offer as April 2024. However, since the subsequent
offer was made in May 2023, the Court assumes the first offer was also made in 2023.

1

Statement ("Disclosure Statement") to Plaintiffs as part of the sale. (Id. ¶ 31). One of the questions in the Disclosure Statement asked: "Is there any problem with present infestation of the dwelling, or damage from past infestation of wood destroying insects or organisms which has not been repaired?" (Id. ¶ 32). The Sellers checked the box "No Representation" for that question. (Id.).

Plaintiffs had the Property inspected in or about May 2023, and no termite issues were revealed. (Id. ¶¶ 33–34). Less than two weeks after purchasing the Property, however, a contractor hired by Plaintiffs found a significant termite infestation on load-bearing structures and active termite infestation, which had caused moderate to severe damage on many of the Property's load-bearing walls. (Id. ¶ 36). Plaintiffs also discovered that a prospective purchaser of the Property had previously learned of historic termite treatment and/or termite issues and damage to the Property before terminating its offer to purchase the Property. (Id. ¶ 39). The report was dated April 28, 2023, which was before Plaintiffs purchased the Property. (Id. ¶ 44). Sellers did not disclose the recent report or the historic treatment for wood-destroying insects on the Property. (Id. ¶ 45).

Plaintiffs brought this action against Defendants alleging fraud, fraudulent inducement, fraudulent concealment, negligent misrepresentation, Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1 ("UDTPA"), unjust enrichment, estoppel, and civil conspiracy.[2] In support of these claims, Plaintiffs allege that Defendants failed to disclose the historic treatment for termites and the more recent report identifying termite issues on the Property, that Plaintiffs would not have purchased the Property or would have purchased the Property at a

_____

[2] Plaintiffs brought additional claims against other defendants who were involved in the sale of the home. This Order does not address those claims.

lower price had they known of the termite problems, and that Plaintiffs suffered damages as a direct and proximate result of Sellers' conduct.

On July 3, 2024, Defendants filed the pending motion to dismiss, seeking dismissal of Plaintiffs' claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 22). Defendants contend that, as a matter of law, Plaintiffs' complaint does not contain facts sufficient to establish that Sellers made a misrepresentation with respect to the sale of the Property or that Sellers intentionally concealed a material defect, and that Plaintiffs' additional causes of action (negligent misrepresentation, UDTPA, conspiracy, unjust enrichment, and civil conspiracy) are not viable.

## II.      STANDARD OF REVIEW

Defendants have moved to dismiss under FED. R. CIV. P. 12(b)(6). Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it

3

"states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

## III.   DISCUSSION

### a.   Whether Plaintiffs State a Claim for Fraud, Fraudulent Inducement, and Fraudulent Concealment

Under North Carolina law, fraud requires: (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Ragsdale v. Kennedy, 286 N.C. 130, 138 (N.C. 1974). "A claim for fraud may be based 'on . . . a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose.'" Sidden v. Mailman, 137 N.C. App. 669, 675 (2000) (quoting Harton v. Harton, 81 N.C. App. 295, 297 (1986) (citation omitted)). "A duty to disclose in arm's length negotiations also arises where one party has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence." Harton, 81 N.C. App. at 298.

Though the pleading standard of Iqbal and Twombly is lenient, Plaintiffs have failed to establish a plausible claim for fraud. Plaintiffs do not appear to allege that Defendants made an affirmative false representation—only that Sellers "concealed a material fact that they had a duty to disclose." (Doc. No. 25, p. 5). Plaintiffs have also failed to state a claim against Sellers for fraudulent concealment for the reasons outlined below.

First, Sellers checked "no representation" on the Residential Property Disclosure Statement, expressly indicating that they were not disclosing potential issues, including termite

4

damage, one way or another. The text of the Residential Property Disclosure Act itself makes the impact of the "no disclosure" representation clear: "If the statement states that an owner makes no representations as to the conditions of the property, then the owner <u>has no duty to disclose those conditions</u>, whether or not the owner should have known them." N.C. GEN. STAT. § 47E-4(c) (emphasis added). Without a duty to disclose, there is no fraud claim based on concealment of a material fact.

Even if the disclosure statement is not dispositive, to give rise to a duty to disclose Plaintiffs must show that they could not have discovered the defect through reasonable diligence. Plaintiffs claim that the "scope and extent of the termite issues were not discoverable" through reasonable diligence because such discovery required the removal of internal walls by a contractor. (Doc. No. 1 ¶¶ 52, 58). However, this claim is contradicted by the fact that the other prospective buyers <u>did</u> discover that very defect via an inspection before the removal of internal walls. The discovery by the other prospective purchasers renders untenable Plaintiffs' argument that Plaintiffs could not have discovered the defect through reasonable diligence.

Because Plaintiffs do not allege facts that plausibly add up to a claim for fraud, fraudulent, concealment, or fraudulent inducement, Count I will be dismissed.

### b.  Whether Plaintiffs State a Claim for Negligent Misrepresentation

The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care. <u>Raritan River Steel Co. v. Cherry, Bekaert & Holland</u>, 322 N.C. 200, 206 (1988) (citing <u>Howell v. Fisher</u>, 49 N.C. App. 488 (1980)).

For the same reasons discussed above, Plaintiffs did not justifiably rely on any misrepresentation made by Defendants. Plaintiffs fail to state a claim for negligent

misrepresentation and Count III will be dismissed.

### c. Whether Plaintiffs State a Claim for Unjust Enrichment

Plaintiffs also claim that Sellers were unjustly enriched. "In order to recover on a claim of unjust enrichment, a party must prove that it conferred a benefit on another party, that the other party consciously accepted the benefit, and that the benefit was not conferred gratuitously or by an interference in the affairs of the other party." Southeastern Shelter Corp. v. BTU, Inc., 154 N.C. App. 321, 330 (2002).

Here, Plaintiffs' unjust enrichment claim fails because the transaction is governed by an express contract. See Wrightsville Beach Prop., LLC v. Attwa, No. 7:23-CV-1062-FL, 2023 WL 8100189, at *10 (E.D.N.C. Nov. 21, 2023) (finding, in a case involving the sale of property, that an unjust enrichment claim "fails as a matter of law because of the existence of an express contract governing the relationship between the parties."). Plaintiffs cite an unreported business court decision to argue that this determination should not be made at this stage of litigation. Loyd v. Griffin, No. 20 CVS 2394, 2022 WL 2286086 (N.C. Super. June 23, 2022). However, that case is readily distinguishable. There, the court found the unjust enrichment claims sufficiently pled because there was a question as to whether the relevant contract, a shareholder agreement, applied to the plaintiff in that case. Id. at *11. Here, Plaintiffs do not argue that the contract is void or does not apply to them. As a result, there is no room for an equitable quasi-contract claim because an express contract governs the parties' relationship, and the Court will dismiss Count V.

### d. Whether Plaintiffs State a Claim for Estoppel

Estoppel is not available in North Carolina as an affirmative cause of action. See Herring v. Volume Merch., Inc., 252 N.C. 450, 453 (1960) (explaining that estoppel is to be used as a

shield, not an "offensive weapon[]"); Laschkewitsch v. Legal & Gen. Am., Inc., 247 F. Supp. 3d 710, 721 (E.D.N.C. 2017) (granting summary judgment on estoppel claim in an insurance policy dispute because North Carolina courts "do not recognize estoppel as an affirmative cause of action"). The Court will therefore dismiss Count VI.

### e. Whether Plaintiffs State a Claim against Sellers under the UDTPA

Section 75-1.1 of the North Carolina General Statutes declares unlawful "unfair or deceptive acts or practices in or affecting commerce." N.C. GEN. STAT. § 75-1.1. Failure to state a claim for fraud does not require dismissal of claims for unfair and deceptive trade practices. Robertson v. Boyd, 88 N.C. App. 437, 443 (1988).

Defendants argue, relying on Robertson, that they were private parties engaged in the sale of a residence who were not involved in trade or commerce and therefore cannot be held liable under the statute. See Robertson, 88 N.C. App. at 444. Plaintiffs, on the other hand, suggest that Robertson should be cabined to cases where private parties are selling their primary residence. The North Carolina Supreme Court stated in Bhatti v. Buckland that, assuming a "homeowner's exception" to Section 75 exists, "its application is limited to an individual involved in the sale of his or her own residence." 328 N.C. 240, 246 (1991). Plaintiffs note that they have alleged that "[a]t all relevant times hereto, upon information and belief, the Sellers did not occupy the Property as a primary residence." (Doc. No. 1 ¶ 4). Furthermore, the deed that Sellers issued to Plaintiffs identifies that "THIS PROPERTY DOES NOT INCLUDE THE GRANTOR'S PRINCIPAL RESIDENCE." (See Doc. No. 1, Ex. 2.) Plaintiffs argue that because they have alleged that the Property was not Sellers' primary residence, and the deed identifies that this was not their "principal residence," the Property, for purposes of a motion to dismiss, cannot be Sellers' "residence." Plaintiffs contend, therefore, that the sale of the Property is subject to

7

Section 75. See generally Prince v. Wright, 141 N.C. App. 262, 268 (2000) ("Unfair and deceptive practices tend to involve buyer and seller relationships."); see also Love v. Pressley, 34 N.C. App. 503, 516 (1977) (holding that "the rental of residential housing is 'trade or commerce' under G.S. 75-1.1").

The Court agrees with Defendants, however, that the transaction here was not commercial and therefore Defendants are not subject to Section 75 liability.[3] The house was sold on a standard residential disclosure contract, and Sellers are a family. The court in Bhatti found it important that the rentals were part of a commercial transaction of some sort. 328 N.C. 240, 246 ("The transaction at issue was indisputably a commercial land transaction that affected commerce in the broad sense."). Here, however, the sale was of a residential home, and it was not commercial. The mere fact that the Property was not Sellers' primary residence does not subject them to Section 75 liability. The Court therefore finds Sellers are not subject to Section 75 liability. Count VII will be dismissed.

### f. Civil Conspiracy

Because Plaintiffs have failed to state a claim against Defendants for any tortious conduct, there is no basis for a civil conspiracy claim. Count IX will also be dismissed.

## IV. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss Plaintiffs' claims for fraud, fraudulent inducement, fraudulent concealment, negligent misrepresentation, Unfair and Deceptive Trade Practices under N.C. GEN STAT. § 75-1.1, unjust enrichment,

---

[3] This does not mean that other defendants are not subject to such liability. In Robertson, while the sellers, as "private parties engaged in the sale of residence" were found not to be involved in trade or commerce, Section 75 claims against the realty company and the company that prepared the termite report were allowed to proceed. 88 N.C. App at 442.

8

estoppel, and civil conspiracy.

## ORDER

**IT IS, THEREFORE, ORDERED,** that Defendants' motion to dismiss, (Doc. No. 21), is **GRANTED.** Plaintiffs' claims against Defendants John Nye, Joshua Nye, and Cynthia Nye for fraud, fraudulent inducement, fraudulent concealment, negligent misrepresentation, Unfair and Deceptive Trade Practices under N.C. GEN STAT. § 75-1.1, unjust enrichment, estoppel, and civil conspiracy are **DISMISSED** with prejudice. This action shall go forward on Plaintiffs' claims against the remaining defendants.

Signed: December 9, 2024

Max O. Cogburn Jr.
United States District Judge